# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEAN GLENN JACOBSON,

    *Plaintiff*,

vs.

ROBERT LEGRAND, *et al.,*

    *Defendants*.

3:12-cv-00404-LRH-VPC

ORDER

This *pro se* prisoner civil rights action by Nevada state inmate comes before the Court for initial review under 28 U.S.C. § 1915A and on plaintiff's motion (#3) to add a defendant. The Court is deferring action on plaintiff's pauper application pending initial review pursuant to the inmate mediation program. However, if the action is dismissed by a final judgment following upon this order, the pauper application then will be processed according to the Prison Litigation Reform Act.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact

1 are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686-87 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the complaint, plaintiff Sean Jacobson alleges that he was wrongfully convicted of a disciplinary conviction for the major violation of engaging in sexually stimulating activities and that he also is being criminally charged for the offense. He alleges that the underlying incident occurred on July 26, 2009, but he does not allege the date of the disciplinary conviction or other proceedings. He alleges that the underlying incident occurred after prison officials denied his requests to be placed in isolation to avoid "physical and sexual type of problems." Plaintiff makes conclusory allegations that he is innocent of the offense and that he has been "made to suffer" due to the disciplinary conviction. Plaintiff alleges that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment, but, again, he does not specify what punishment was imposed as a result of the disciplinary conviction that constitutes such alleged cruel and unusual punishment. He seeks, *inter alia*,

monetary damages, expungement of the disciplinary conviction, and an injunction against the criminal prosecution.

The conclusory allegations of the complaint fails to state a claim upon which relief may be granted under the Eighth Amendment or any other potentially applicable constitutional provision.

A conclusory allegation only that plaintiff was "made to suffer" as a result of a disciplinary conviction does not state a claim under the Eighth Amendment. It would be a rare case indeed where the sanctions imposed on a prison disciplinary conviction would implicate the Eighth Amendment, given the range of sanctions generally imposed in such proceedings. Plaintiff includes no specific allegations of actual fact identifying any particular sanction imposed upon him as a result of the conviction. His bare and conclusory allegations clearly state no claim in this regard.

Further, the prohibition against cruel and unusual punishment in the Eighth Amendment provides no protection against allegedly being wrongfully convicted of a prison disciplinary offense. The prohibition is directed instead to unconstitutional punishment.

Nor does the prohibition against cruel and unusual punishment in the Eighth Amendment provide protection from being charged criminally for an offense.

Plaintiff maintains that prison officials were at fault for the offense because they denied his request to be placed in isolation. However, the alleged fact that plaintiff requested isolation does not provide him an immunity from disciplinary or criminal prosecution in the event that he commits a sexual offense with another inmate. The prohibition against cruel and unusual punishment under the Eighth Amendment does not require that prison officials place inmates in isolation upon request and does not make officials responsible for an inmate's own violations if they do not.

The complaint therefore fails to state a claim upon which relief may be granted under the Eighth Amendment.

The bare allegations of the complaint further fail to state a claim for relief under any other potentially applicable constitutional protection. *See,e.g., Sandin v. Conner,* 515 U.S. 472 (1995)(the sanctions imposed on a disciplinary conviction impact a liberty interest protected by procedural due process only if the sanctions imposed constitute an atypical and significant hardship in relation to the ordinary incidents of prison life or affect the duration of the inmate's sentence).

The complaint additionally fails to state a claim for monetary damages from the defendants in their official capacity. Claims for monetary damages against the defendants in their official capacity are barred by the state sovereign immunity recognized by the Eleventh Amendment. *See,e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). The official capacity claims further fail to state a claim under Section 1983 because a state officer in his official capacity is not a "person" subject to suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10 (1989).

Nor do the allegations of the complaint state a claim for relief against any of the named defendants in their individual capacity. Plaintiff includes no specific allegations of actual fact in the body of the complaint alleging any personal involvement by any particular defendant. He only includes a number of defendants in the list of defendants with a conclusory assertion that the defendant acted under color of law "by allowing me to be charged/convicted of a major prison violation and subjecting me to punishments." Plaintiff instead must make specific allegations of actual fact – in the body of the complaint itself – identifying what each defendant – by name – allegedly did to cause the constitutional violation. There is no *respondeat superior* liability under § 1983. That is, a supervisory official may be held liable in his individual capacity only if he either was personally involved in the constitutional deprivation or a sufficient causal connection existed between his unlawful conduct and the constitutional violation. *See,e.g., Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001). Plaintiff must present specific allegations of actual fact, not bare legal conclusions, as to each defendant named in the body of the complaint.

This same basic defect extends as well to the motion to add an additional defendant. Plaintiff simply seeks to add an additional defendant with a conclusory legal conclusion as to their involvement. Plaintiff may not add a defendant by motion. He instead must properly present an amended complaint adding the defendant and including specific allegations of actual fact as to that defendant's alleged personal involvement in the alleged constitutional deprivation.

Moreover, under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), absent extraordinary circumstances, a federal court may not enjoin or otherwise interfere with a pending state criminal proceeding through a grant of injunctive relief. An allegation that the plaintiff allegedly is

innocent of the crime does not constitute extraordinary circumstances. Absent extraordinary circumstances not present here, a criminal defendant must defend a pending state criminal prosecution in the state criminal proceeding, not in federal court.

The Court therefore will dismiss the complaint subject to an opportunity to file an amended complaint correcting the foregoing deficiencies, if possible.[1]

If plaintiff seeks to amend the complaint, he should note the following. Under Local Rule LSR 2-1, plaintiff must file the amended complaint on the Court's required complaint form, and he must comply with all instructions for the complaint form. In particular, the specific allegations of actual fact supporting each count in the complaint must be stated within each count. *Instructions*, at 6. In the original complaint, plaintiff presented extensive allegations of fact in the "Nature of the Case" section rather than in the single count presented. In the "Nature of the Case" portion of the form, plaintiff instead should give only a brief general overview of the factual basis for the action. Under the instructions, "[t]his is not the place to provide detailed information about what each defendant did to violate your rights – that should be done in" the counts. *Instructions*, at 6.

IT THEREFORE IS ORDERED that the complaint is DISMISSED without prejudice, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the complaint, if possible.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, **3:12-cv-00404-LRH-VPC**, above the word "AMENDED" in the space for "Case No."

IT FURTHER IS ORDERED that the motion (#3) to add defendant is DENIED.

Under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

---

[1]The Court expresses no opinion at this juncture on the sparse allegations presented as to whether plaintiff's claim(s) may be barred under the applicable two-year statute of limitations.

1  If an amended complaint is filed in response to this order, the Court will screen the amended
2  pleading before ordering any further action in this case.
3  If plaintiff does not timely mail an amended complaint to the Clerk for filing, a final judgment
4  dismissing this action will be entered without further advance notice.  If the amended complaint does
5  not correct the deficiencies identified in this order and otherwise does not state a claim upon which
6  relief may be granted, a final judgment dismissing this action will be entered and the pauper application
7  then will be processed according to the Prison Litigation Reform Act.
8  The Clerk shall SEND plaintiff with a copy of the original complaint that he submitted together
9  with two copies of a § 1983 complaint form and one copy of the instructions for same.
10  DATED this 20th day of February, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE